

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JUAN ANTONIO MORENO-AREVALO | § | |
| | § | |
| v. | § | 2:05-CV-0066 (01) |
| | § | |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### TO DENY MOTION TO VACATE

Petitioner JUAN ANTNONIO MORENO-AREVALO has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge recommends the motion be DENIED.

### I.
### PROCEDURAL HISTORY

On June 24, 2003, petitioner was charged in a one-count indictment with illegal re-entry after deportation/ aggravated felony in violation of 8 U.S.C. § 1326 (b)(2). On August 8, 2003, petitioner, represented by the Federal Public Defender, pled guilty to the offense as charged. In his written plea agreement, petitioner acknowledged the Court could impose a maximum sentence of imprisonment of up to twenty (20) years, but that the sentence would be imposed pursuant to the United States Sentencing Guidelines and that no one could predict with certainty what guideline range would apply until after a presentence investigation was completed and the Court had ruled on the results of that investigation. Petitioner acknowledged his understanding

that he would not be allowed to withdraw his guilty plea if the sentence imposed was higher than expected, or if the Court departed from the applicable guideline range. Petitioner also attested he had thoroughly reviewed all legal and factual aspects of his case with his lawyer and was fully satisfied with that lawyer's representation.

On September 9, 2003, a Presentence Report (PSR) was prepared. The PSR recited that there was no prior agreement as to what the sentence in petitioner's case would be. In the Offense Level Computation portion of the PSR, 16 points were added to petitioner's base offense level of 8 as petitioner had previously been deported after a conviction for a felony that is a crime of violence, to wit: aggravated assault with a deadly weapon. Petitioner was granted a 3 point reduction for acceptance of responsibility, resulting in a total offense level of 21.

In the Criminal History portion of the PSR, petitioner was assessed the following points for the following previous convictions:

| Offense | Date | Points |
|---|---|---|
| Driving While Intoxicated/ No Driver's License | 1-10-96 | 2 points |
| Theft $50 to $500 | 1-5-98 | 2 points |
| Driving over 10 hours FMCSR/ Unregistered Motor Vehicle | 2-20-98 | 1 point |
| Driving While Intoxicated | 5-5-00 | 1 point |
| Aggravated Assault w/ a Deadly Weapon | 12-19-01 | 1 point |
| Criminal Trespass of a Habitation | 5-1-03 | 1 point |

The adult criminal convictions set out above resulted in a subtotal criminal history score of 8. As petitioner committed the instant offense while under a criminal justice sentence of probation for the aggravated assault conviction, and while serving his sentence for the criminal trespass of

a habitation conviction, 2 criminal history points were added, resulting in a total criminal history score of 10 which resulted in a Criminal History Category of V. With a Criminal History Category of V and Total Offense Level of 21, petitioner's guideline range of punishment was 70 to 87 months.

As a result of objections made to the PSR by petitioner's counsel, the Driving over 10 hours FMCSR/ Unregistered Motor Vehicle conviction, and the 1 point attributed thereto, and the May 5, 2000 Driving While Intoxicated conviction, and the 1 point attributed thereto, were removed from petitioner's criminal history calculation. On September 18, 2003, however, additional criminal history information was discovered for petitioner and the PSR was amended to add the following additional adult criminal convictions and assess the following points:

| Assault by contact | 7-26-97 | 1 point |
| Assault by contact | 7-26-97 | 1 point |
| Terroristic threat | 10-3-96 | 2 points |
| Assault by contact | 7-26-97 | 1 point |
| Assault by contact | 5-3-98 | 1 point |
| Assault by contact | 5-13-98 | 1 point |
| Assault | 9-14-98 | 2 points |

The adult criminal convictions above resulted in a subtotal criminal history score of 15, however, the subtotal criminal history score was limited to 12. Since, as set forth above, petitioner committed the instant offense while under a criminal justice sentence of probation for his aggravated assault conviction, and while serving a sentence for his criminal trespass conviction, two criminal history points were added resulting in a total criminal history score of 14, and a

Criminal History Category of VI. Consequently, petitioner's guideline range of punishment was amended to 77 to 96 months. On October 22, 2003, petitioner was sentenced to a term of 86 months' imprisonment and a 3-year term of supervised release.

On October 31, 2003, new counsel, a Federal Public Defender from Dallas, Texas, substituted in to represent petitioner and initiated an appeal of petitioner's conviction and sentence. On January 13, 2004, appellate counsel filed a brief pursuant to *Anders v. California*, 382 U.S. 738 (1967). Petitioner did not file a pro se response to appellate counsel's *Anders* brief. On April 21, 2004, the Fifth Circuit Court of Appeals dismissed petitioner's appeal, specifically finding no nonfrivolous issue for appeal based upon the Court's independent review of counsel's brief and the record. On May 16, 2004, petitioner sought, by way of letter, a panel rehearing and reinstatement of his case, explaining he had not received timely notice of the dismissal of his case. On May 19, 2004, the appellate clerk's office advised his letter was untimely submitted. On June 1, 2004, petitioner filed a motion requesting leave to file an out-of-time motion for rehearing, supplementing said motion on August 11, 2004. On September 9, 2004, petitioner's motion was denied.

On February 28, 2005, petitioner filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, together with a supporting memorandum. On May 9, 2005, the Government filed a response to opposition to petitioner's motion. On June 1, 2005, petitioner filed a reply to the Government's response.

## II.
## DEFENDANT'S ALLEGATIONS

By his motion, petitioner challenges his conviction and sentence on the following

grounds:

1. The trial court erred in assessing petitioner criminal history points for non-qualifying prior convictions in determining petitioner's criminal history score;

2. The trial court erred in accepting petitioner's plea in violation of Rule 11 of the Federal Rules of Criminal Procedure;

3. Petitioner has been denied due process because the Government breached the plea bargain agreement entered into with petitioner;

4. Petitioner is actually innocent of several of the prior convictions used in his criminal history in the PSR;

5. Petitioner was denied the effective assistance of trial counsel; and

6. Petitioner was denied the effective assistance of appellate counsel.

III.
MERITS

A.
Criminal History Calculation

In his first and fourth grounds, petitioner contends the trial court unlawfully assessed criminal history points for non-qualifying prior convictions in petitioner's PSR. Specifically, petitioner challenges the assessment of 2 criminal history points for the DWI/ No Driver's License convictions on the basis that he was not represented by counsel and his 90-day sentence was probated rather then spent in jail. Petitioner also challenges the 2 points assessed for the theft $50 to $500 conviction on the basis that the charges were dropped. Petitioner challenges the 1 point assessed for the criminal trespass/habitation conviction on the basis that he was not represented by counsel and the Government failed to produce petitioner's alleged waiver of representation. Petitioner also challenges the 9 criminal history points assessed for the assault by

contact convictions, terrorist threat conviction, and assault conviction on the bases that either he did not commit the offenses, or that the defendant convicted in those cases was not petitioner. Petitioner concludes he only had three (3) valid convictions which could have been used in his criminal history calculations and thus he should have only had a total criminal history score of 2 resulting in a Criminal History Category of II.

By these grounds, petitioner directly attacks this Court's application of the guidelines. Defendant may not raise such an issue in a collateral attack on his federal conviction and sentence. Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the sentencing guidelines fall into neither category and hence are not cognizable in a section 2255 motion. *See United States v. Williamson*, 183 F.3d 458, 461-62 (5th Cir. 1999).

To the extent, if any, that petitioner's claims that he did not commit certain offenses listed as prior convictions or was denied counsel in other cases, would be cognizable in a 2255 motion, petitioner is nonetheless barred from presenting such claims. As a general rule, after a federal sentencing proceeding has concluded, the individual who was sentenced may not challenge his federal sentence through a motion under 28 U.S.C. § 2255 on the ground that his prior convictions were unconstitutionally obtained. *See Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 1580, 149 L.Ed.2d 590 (2001) (denying the right to challenge conviction under Armed Career Criminal Act through a section 2255 motion on grounds that prior convictions were unconstitutionally obtained). After an enhanced federal sentence has been imposed, the person sentenced may pursue any channels of direct or collateral review still available to

challenge his prior convictions.  Here, it does not appear petitioner challenged his state court convictions by way of a state habeas corpus application.  It further appears defendant's prior state court convictions, used to enhance his federal sentence, are no longer open to direct attack but could be open to collateral attack in the state courts .  The presumption of validity of these prior convictions is conclusive, and the sentenced defendant may not collaterally attack his prior convictions through a motion under section 2255.  *Id*., 121 S.Ct. at 1583.  The general rule prohibiting a sentenced individual from challenging his federal sentence through a 2255 motion on the ground that a prior conviction was unconstitutionally obtained "reflects the notion that a defendant properly bears the consequences of either forgoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error."  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567, 1575, 149 L.Ed.2d 68 (2001).

To the extent petitioner's claim that he was not the defendant convicted in certain convictions is cognizable, petitioner has not demonstrated in any way that he was not, in fact, the defendant convicted in those case.  Petitioner's claims are thus conclusory and not deserving of review.  Petitioner's first and fourth grounds should be denied.

## B.
## Rule 11 Violation

Petitioner next contends the Court failed to determine he understood the consequences of his guilty plea as required under Rule 11(E)(2)(3) of the Federal Rules of Criminal Procedure.  Further, petitioner contends the Court did not explain its acceptance of petitioner's guilty plea

Counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  In his brief, counsel raised the issue of whether the Court properly complied with Rule 11 and,

after a thorough discussion, determined the Court did. Petitioner did not file a *pro se* response to the *Anders* brief independently asserting this issue before the appellate court with additional argument or allegations of fact. In its Order of dismissal of defendant's appeal, the Fifth Circuit Court of Appeals stated, "Our independent review of counsel's brief and the record discloses no nonfrivolous issue for appeal." *U.S. v. Moreno-Arevalo*, No. 03-11173. Consequently, this issue was adjudicated by the Fifth Circuit Court of Appeals and found to be without merit. Petitioner is thus precluded from raising it in this 2255 motion.

Further, the undersigned has reviewed the guilty plea hearing transcript and finds the Court sufficiently complied with Rule 11 and the United States Constitution. The undersigned finds there was no error in the taking of petitioner's plea, and no indication petitioner's plea was not freely, knowingly, understandingly and voluntarily made. Petitioner's third ground should be denied.

## C.
## Breach of Plea Agreement

Petitioner argues the Government breached the plea agreement entered into with petitioner (1) by failing to inform the Court the parties had agreed petitioner's sentence would be between 46 to 57 months imprisonment, and (2) by failing to indicate in the written plea agreement that petitioner's prior convictions would be used to enhance his sentence.

Petitioner did not raise this issue before the district judge (the trial court) or on direct appeal by submitting a pro se brief after counsel's filing of the *Anders* brief. Petitioner has not shown cause for failing to raise this issue, a breach of the plea agreement, actual prejudice resulting from such a breach, or actual innocence of the federal offense charged in this case.

Consequently, this claim is procedurally barred.

Even if the undersigned were to consider petitioner's claim, petitioner has not shown a breach of the plea agreement. Petitioner has not shown he had a reasonable expectation that he would receive a sentence between 46 to 57 months' imprisonment or that his prior convictions would not be used to enhance his sentence. The plea agreement did not indicate in any manner, much less state, what petitioner's sentence would be. In fact, the plea agreement specifically stated it did not create a right to have any particular sentence imposed. Further, the plea agreement also stated the determination of the guideline range, as well as the resultant sentence, were solely in the discretion of the Court. The plea agreement also stated petitioner had reviewed the application of the guidelines with his counsel and understood his sentence could not be predicted until after a presentence investigation.

At rearraignment, petitioner testified he understood the plea agreement, that no one had made any promise or representation to him regarding anything outside of the written plea agreement, and that his counsel had explained to him how the sentencing guidelines might affect his case. Petitioner's statements at rearraignment directly contradict his claim. The District Court explained to petitioner that his guideline range could not be predicted until after the presentence investigation was complete. As petitioner cannot show the Government breached the plea agreement, this claim would also fail.

### D.
### Ineffective Assistance of Trial Counsel Claim

Petitioner next claims his trial counsel was ineffective because:

1. Counsel failed to investigate and object to several convictions listed in his criminal history calculation;

2. Counsel failed to object to the Government's breach of the plea agreement;

3. Counsel was not fully prepared to represent petitioner at every stage of the prosecution;

4. Counsel did not investigate the Government's case, advise petitioner of his rights, or advise petitioner of his defenses prior to advising petitioner to plead guilty.

Petitioner also claims his appellate counsel was ineffective because:

1. Counsel did not perfect petitioner's appeal in that he filed an *Anders* brief;

2. Counsel did not review the record and PSI in petitioner's federal criminal prosecution, and failed to review the fingerprints and photos of the defendant in the prior criminal convictions alleged to have been committed by petitioner;

3. Counsel did not confer with petitioner concerning the grounds petitioner wished to raise on appeal; and

4. Counsel did not raise the grounds alleged herein on appeal.

In order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, petitioner must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that an attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry

must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690. As for the issue of prejudice, defendant must do more than simply allege prejudice, she must "affirmatively prove" prejudice. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983) (quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981)). Counsel is not required to pursue every path until it bears fruit or until all conceivable hope withers. *Lovett v. State of Florida*, 627 F.2d 706, 708 (5th Cir. 1980). A strategy is not proven wrong because, if as is the usual circumstance, a guilty person is convicted. *Cockrell* at 1429; *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980) (failure to object to the introduction of a letter did not so infect the trial with unfairness as to make the resulting conviction a denial of due process).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and tactical decisions of trial counsel are entitled to a high degree of deference. *Strickland*, 466 U.S. at 692. A defendant must show that counsel's deficient performance prejudiced the defense. *Id*. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Furthermore, the focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's

ineffectiveness. *Lockhart v. Fretwell*, 113 S.Ct. 838, 844 (1993).

## 1. *Presentence Report*

Petitioner contends trial counsel was ineffective for failing to object to several of the prior convictions listed in his criminal history calculation on the bases stated in his first ground. At the sentencing hearing, the importance of the Presentence Report was stressed to defendant by the Court. Thereafter, several of trial counsel's objections to the PSR were sustained, including two objections which resulted in the deletion of two prior convictions from the criminal history section. The following exchange then occurred between the District Judge and petitioner:

COURT: [T]here has been an additional – an addendum listing additional matters in the criminal history. Do you have any objection to those additional matters?

COUNSEL: I do not. I need to announce to the Court that my client disagrees. He has been concerned about the additional convictions set forth in the addendum under 32-A, 32-B . . . 32-E . . . 33-A, and 33-B. As a result of my conversations with my client through the assistance of an interpreter yesterday afternoon, we did go to the Municipal Court this morning and get all the documentation available on each of those five prior convictions.

As I have explained to Mr. Moreno-Arevalo, I believe the documentary evidence we obtained is sufficient to support the addendum as written. In four of those situations, the complainant was his wife. We do have a copy of the complaint in each case and a copy of the judgment.

Mr. Moreno-Arevalo is dissatisfied because he thought that I should be able to produce fingerprints and photos on each occasion, which I simply cannot do as they do not have those records at Municipal Court, but I did tell him he would be free to state his objections to the Court today.

However, based upon my review of the documentation and the recalculations that were done of criminal history in the addendum, I believe the addendum is correct, which would give him a total of fourteen criminal history points, therefore, placing him in Criminal History Category VI.

. . .

| | |
|---|---|
| THE COURT: | Okay. On the last page of the addendum, the Presentence Officer says that the criminal history score should be fourteen, which results in a category of VII. Is that your calculation also? |
| COUNSEL: | It is, Your Honor. |
| THE COURT: | Do you have other objections? |
| COUNSEL: | We do not. I do not. |
| THE COURT: | Have we addressed the objections that you've made? |
| COUNSEL: | Yes. |
| THE COURT: | All right. You can stand, please, Mr. Moreno-Arevalo, and tell me, is there something that you want to object to that your – that your lawyer has not stated? |
| PETITIONER: | I just – I just want the records to be checked. I just want the records to be correctly checked and to make sure that the fingerprints – that the fingerprints are there. |
| | First of all, Frank Contreras, I don't know who he is. I don't even know who he is. And that they sent me letters? I never received any papers from any court, and I was never arrested for any – many of the things that are there. |
| | I had papers from – I got it from Potter County, and I had to go to municipal – I have them right here. The ones for July 4th, I understood that they had been removed. This is where it had been removed, and then it shows up again on this other paper. This is a 7/4/98. They duplicated each other. |
| COUNSEL: | If I may clarify, Your Honor. He's referring to Paragraph 53 in the original Presentence Report that states he was arrested on July 4th of 1998, but no charges were filed. |
| COURT: | All right. If no charges were filed, it does not affect the guidelines. |
| PETITIONER: | But this 8/18 is the same as this one was, this on (indicating). And I pled guilty for that. I was there for a year at Potter County, and then this came up again as a separate thing. |

| | |
|---|---|
| COUNSEL: | Again, Your Honor, I believe I can shed some light on that. |
| COURT: | All right. I'll listen to your lawyer for a minute. |
| COUNSEL: | He's referring to Paragraph 34-A in the addendum, and this should be – no, I'm wrong. I'm sorry. I went to the wrong one. |
| | It's Paragraphs 32-C and 32-D in the addendum. 32-C assigns two criminal history points on a conviction for terroristic threat to which he was sentenced to 180 days in jail. Paragraph 32-D refers to a deadly conduct conviction for which he was sentenced to one year in jail. That assesses no criminal history points. |
| | I have explained to Mr. Moreno-Arevalo that those are correct, they were two separate convictions, but because the convictions arose out of incidents that occurred on the same date, August 18th, 1996, under the Sentencing Guidelines, criminal history points were only applied to one conviction and not both. |
| COURT: | All right. Now did you have something else to tell me? |
| PETITIONER: | I was only sentenced on one of them. I only pled guilty to one of them and not – and that's where I got 180 days. This is where I got the one year, and this (indicating) is where it shows that it was removed. |
| COURT: | Now, that information does not effect your guidelines. |
| PETITIONER: | Just like in Garden City, I was never – I was never sentenced to 90 days in jail, never. I can prove that I was on probation, that I was filling out, signing those papers. I would sign it, my boss would sign it, we would both sign it. Every month I had to be reporting in. |
| | With all due respect, I'm asking that all this get resolved. |
| COURT: | Did you have something else to tell me? |
| PETITIONER: | No, that's all. |

The Court then determined the Presentence Report, as modified by the addendum, was correct.

Trial counsel's investigation did not support petitioner's objections to the convictions at issue. Further, as noted *supra*, petitioner has not demonstrated in any way that he was not, in

fact, the defendant convicted in the cases at issue. Consequently, petitioner's claims of inaccuracies in the PSR's recitations of petitioner's prior criminal convictions are merely without substance and conclusory. Trial counsel was not deficient for failing to make frivolous, unsupported objections. Further, as shown above, petitioner had an opportunity to assert, and did assert, objections to the convictions used in the PSR to assess criminal history points. Petitioner has not shown any further objections made by counsel would have been sustained by the Court. Petitioner has failed to show trial counsel was deficient or that petitioner suffered prejudice by any failure of counsel to further object to petitioner's criminal history assessment. This claim is without merit.

### 2. *Breach of Plea Agreement*

Petitioner also argues trial counsel was ineffective for failing to object to the Government's breach of the plea agreement. As discussed above, petitioner has not shown the Government breached the plea agreement. Trial counsel will not be found to be deficient for failing to raise a frivolous or meritless objection. This claim has no merit.

### 3. *Preparation to Represent*

Petitioner contends trial counsel was ineffective in that she was not fully prepared to represent petitioner at every stage of the prosecution. Petitioner offers no specifics as to counsel's alleged lack of preparation, what further steps counsel should have taken to represent petitioner, or how further preparation would have altered the outcome of the proceeding. Petitioner's claim is conclusory and without merit. Moreover, review of the record reveals counsel provided meaningful assistance to petitioner.

### *4. Advice Prior to Plea*

Petitioner argues trial counsel was ineffective for failing to investigate the Government's case, advise petitioner of his rights, or advise petitioner of his defenses prior to advising petitioner to plead guilty. Petitioner, however, again fails to offer any specifics with regard to these allegations. Petitioner does not identify what further investigation counsel should have made, what such an investigation would have revealed, or how such further investigation would have aided petitioner or changed the result of the proceeding. Similarly, petitioner has not identified any defenses which were available to him or how counsel's advising him of said defenses would have altered the outcome of the proceeding. Further, petitioner was advised of his rights in his plea agreement and knowingly waived certain of those rights. At rearraignment, the Court again advised petitioner of his rights and explained the elements of petitioner's offense. Petitioner acknowledged his understanding of his rights. Petitioner was aware of this rights and cannot demonstrate he was prejudiced by the failure, if any, of counsel to advise him of his rights.

Petitioner's claims that trial counsel was ineffective are nothing more than conclusory allegations. He has not shown counsel's representation of petitioner in this case was deficient, nor has petitioner demonstrated how any of counsel's pre-plea actions prejudiced his case. Petitioner's claims are without merit.

### Ineffective Assistance of Appellate Counsel

As noted above, petitioner was appointed a new attorney after sentencing. Appellate counsel filed a brief pursuant to *Anders v. California*, *supra*, and petitioner did not file a pro se

response to appellate counsel's brief. Petitioner claims his appellate counsel was ineffective because:

1. Counsel did not perfect petitioner's appeal in that he filed an *Anders* brief;

2. Counsel did not review the record and PSR in petitioner's federal criminal prosecution, and failed to review the fingerprints and photos of the defendant in the prior criminal convictions alleged to have been committed by petitioner;

3. Counsel did not confer with petitioner concerning the grounds petitioner wished to raise on appeal; and

4. Counsel did not raise the grounds alleged in the instant motion on appeal to wit:

    a. Trial court error in assessing criminal history points;
    b. Trial court violation of Rule 11;
    c. The Government's breach of the plea agreement;
    d. Petitioner's actual innocence of several of the prior convictions used to assess criminal history points; and
    e. Ineffective assistance of trial counsel.

Appellate counsel did, in fact, perfect petitioner's appeal by filing a timely notice of appeal. The fact that counsel filed an *Anders* brief detailing his examination of the record for issues which might arguably support an appeal, as well as the bases why such issues would be legally frivolous, does not render appellate counsel's performance deficient. Petitioner's allegation that appellate counsel did not review the record or PSR and failed to review the fingerprints and photos of the defendant in the challenged prior convictions is unsupported and wholly conclusory. Moreover, petitioner has not rebutted trial counsel's explanation, made at the sentencing hearing and outlined previously, that petitioner's municipal court cases would not contain fingerprint cards or photos. Petitioner has not shown appellate counsel was deficient for failing to review non-existent fingerprint cards or photos.

Nor was appellate counsel deficient for failing to confer with petitioner concerning any

grounds petitioner may have wished to raise on appeal. Petitioner has failed to show any conference with appellate counsel would have resulted in a different outcome of petitioner's appeal. Further, petitioner was provided the opportunity to respond to the *Anders* brief and raise any additional alleged errors he wished to raise. Petitioner has not shown appellate counsel was deficient or that petitioner was prejudiced by any failure of counsel to confer with petitioner prior to filing the appellate brief.

Lastly, petitioner argues appellate counsel was deficient for failing to raise, on appeal, the grounds petitioner raises in the instant motion to vacate. Appellate counsel did raise trial court error in sentencing, but determined there was no procedural error in petitioner's sentencing. Although counsel did not specifically address any alleged error in assessing criminal history points, petitioner has not demonstrated the criminal history points were assessed in error. Petitioner has not shown appellate counsel was deficient in failing to raise grounds of error challenging the Court's assessment of criminal history points or that he was prejudiced by said failure.

Appellate counsel did raise the Rule 11 issue in the *Anders*' brief but found the trial court fully complied with the requirements of Rule 11. Appellate counsel was not deficient for failing to raise a frivolous issue on appeal.

Further, and as noted above, there is no evidence the Government breached the plea agreement. Therefore, this would have been a frivolous issue to raise on appeal. Again, as discussed previously, petitioner has not demonstrated in any way that he was not, in fact, the defendant convicted in the cases at issue. Consequently, petitioner has not shown appellate counsel was deficient in failing to assert petitioner's actual innocence of several of the prior convictions used to assess criminal history points.

Petitioner also contends appellate counsel was deficient in that he did not raise the issue of

ineffective assistance of trial counsel on appeal. First, petitioner has not shown trial counsel was ineffective. Secondly, ineffective assistance of trial counsel is not properly raised on direct appeal. *Massaro v. United States*, 538 U.S. 500 (2003). Consequently, appellate counsel was not deficient for failing to raise this issue on direct appeal.

Petitioner has not shown the grounds he contends counsel should have raised on appeal were grounds on which he was likely to prevail. These claims must fail.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant JUAN ANTONIO MORENO-AREVALO be, in all things, DENIED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 27th day of February 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the

event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).